In Part II, the majority holds that "the appellant's requested charge on enticing a child was properly refused, because it contained a misspelled word ('lascinious,' rather than 'lascivious' as used in the statute, § 13A-6-69)." In my opinion, this Court should stop holding that a written requested charge was properly refused because the charge contained a "misspelled word."
Rule 14, A.R.Crim.P.Temp., adopts the policy of Rule 51, A.R.Civ.P. Rule 51 does not permit an appellate court to uphold the trial court's refusal of otherwise proper charges on the hypertechnical ground of misspelled words. The implementation of Rule 14 destroyed the very basis for such a rule in criminal law.
 "Obviously, the automatic exception rule . . . put the court at a great disadvantage. This has been offset by numerous cases imposing highly technical requirements upon the form of requested charges and affirming the trial court for refusing a charge not in compliance with these formalities. For example, see Louisville N.R.R. v. Clark, 205 Ala. 152, 87 So. 676 (1920) (misspelled word). . . . Since Rule 51 [and Rule 14, A.R.Crim.P.Temp.] removes the disadvantage placed upon the trial court in the elimination of the automatic exception, the line of cases developing the countervailing technical requirements are no longer applicable. Hence, the spelling of the word 'punitive' as 'punyive' in Louisville N.R.R. v. Clark, supra, would not be . . . entitled to weight as grounds for affirmance of an erroneous ruling."
Rule 51, A.R.Civ.P., Committee Comments. See also Kitsos v.State, 574 So.2d 972 (Ala.Cr.App. 1990).
I concur in the result reached in Part II of the majority opinion, because I find no *Page 1288 
rational basis for a charge on any lesser included offense. Under the facts of this case, the appellant is either guilty of the crime charged or he is innocent.